[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-10056
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 11, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 05-00128-CR-T-17TBM

UNITED STATES OFAMERICA,

Plaintiff-Appellee,

versus

WILLINGTON RAMIREZ-GARCIA,
a. k. a. Jose Alberto Delgado-Angulo,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(September 11, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Willington Ramirez-Garcia appeals his 97-month

sentence imposed after he pled guilty to (1) possession with intent to distribute

five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

Ramirez-Garcia argues that the district court erred in denying him a minor role reduction, U.S.S.G. § 3B1.2(b). He asserts that he was less culpable than the other persons found on the drug smuggling boat (which was carrying 4,000 kilograms of cocaine) because he only was a "simple mariner" who had no ownership interest in the smuggled drugs and did not participate in decision-making about the smuggling operation. Ramirez-Garcia also contends that the small compensation he received for his participation -- $100 and the opportunity to receive a bonus upon delivery of the smuggled drugs -- indicates that he played a minor role in the operation.

We review for clear error the district court's determinations about a defendant's role in an offense. United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002). "The defendant has the burden of establishing his role by a

preponderance of evidence." Id. Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less culpable than most other participants, although his role could not be described as minimal." Id.

In United States v. De Varon, 175 F.3d 930 (11th Cir. 1999), we set out two elements that inform the sentencing court's determination about a defendant's role in an offense: (1) the defendant's role in the relevant conduct for which he has been held accountable; and (2) the defendant's role as compared to that of other participants in his relevant conduct. Id. at 940. About the first element, De Varon explains that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second element, De Varon counsels that this relative culpability inquiry includes "only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. The first element is the more important and, in many cases, may end the inquiry. See id. at 945.

The district court committed no clear error in determining that Ramirez-

Garcia's role in the offense was more than minor. About the first element, Ramirez-Garcia's sentence was based only on the relevant conduct for which he was held accountable at sentencing: the 4,000 kilograms of cocaine seized from the boat on which he was found. And in the drug courier context, a large amount of drugs is an important factor in determining the availability of a minor role adjustment. Id. at 943 ("[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct. . . . [W]e do not foreclose the possibility that amount of drugs may be dispositive . . . ."). About the second element, Ramirez-Garcia was one of only six crew members on the drug smuggling boat, which was carrying over four tons of cocaine. Ramirez-Garcia has failed to show that he was "less culpable than most other participants in [his] relevant conduct." Id. at 944 (emphasis in original). We see no clear error in the district court's refusal to apply a minor role reduction in this case.

Ramirez-Garcia next argues that his 97-month sentence was unreasonable under the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). He asserts that, in determining his sentence, the district court should have considered the small role he played in the offense and his status as a removable alien. Ramirez-Garcia contends that the district court should have reduced his sentence because his immigration status restricted the sentencing options available

to the district court. Ramirez-Garcia was sentenced after the Supreme Court issued its decision in <u>Booker</u>; so we review his sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). <u>United States v. Winingear</u>, 422 F.3d 1241, 1244-46 (11th Cir. 2005).

Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. <u>See</u> 18 U.S.C. § 3553(a)(1)-(7). A sentence within the advisory Guidelines range is not per se reasonable, <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005); but "ordinarily we would expect a sentence within the Guidelines range to be reasonable." <u>Id.</u> at 788. Reasonableness review is "deferential." <u>Id.</u>

We conclude that Ramirez-Garcia's sentence was reasonable. The district court sentenced him to the lowest point of his Guideline range.[1] In sentencing

---

[1] The district court determined that Ramirez-Garcia's Guideline imprisonment range was 135 to 168 months; but, after granting the government's motion to reduce Ramirez-Garcia's sentence under U.S.S.G. § 5K1.1 for substantial assistance, the court determined that his revised Guideline imprisonment range was 97 to 121 months.

Ramirez-Garcia, the district court noted the section 3553(a) factors, commenting in particular on the destructive effect of drug smuggling, Ramirez-Garcia's family situation, and his need for educational training. Ramirez-Garcia has failed to meet his burden of showing his sentence was unreasonable in the light of the record and the section 3553(a) factors.

**AFFIRMED.**